**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, a body corporate, Plaintiff,**

v.

**ONE PARCEL OF LAND IN SQUARE 274 IN the DISTRICT OF COLUMBIA, Theodore J. Scheve, et al., and Unknown Owners, Defendants.**

**Civ. A. No. 84–3703.**

United States District Court, District of Columbia.

Sept. 5, 1985.

George Ray, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Lawrence B. McClafferty, Asst. Corp. Counsel, Washington, D.C., for defendant One Parcel of Land.

Kurt Berlin, Washington, D.C., for defendants Theodore & Geraldine Scheve.

George H. Windsor, Washington, D.C., for defendants Jeanne M. Curtis Davis, Gertrude C. and Arthur L. Norris.

Leonard C. Collins, Washington, D.C., for defendants Austin Curtis Norris, Flemling H. Norris, III.

## ORDER

BARRINGTON D. PARKER, District Judge.

This action began as a condemnation proceeding, brought by the Attorney General of the United States on behalf of the Washington Metropolitan Area Transit Authority for the taking under the power of eminent domain of District of Columbia real property, namely—Lot 116 Square 274. The taking was for purposes of the construction, maintenance and operation of a rapid rail transit system as provided by Federal law, Section 82, Act of November 6, 1966, 80 Stat. 1324 and other statutory authority. The sole issue upon which the jurisdiction of this Court was based, was the taking and the amount of just compensation to be awarded the owners of the property.

The defendants are Jeanne M. Curtis Davis, Austin Curtis Norris, Fleming H. Norris III, and Gertrude C. Norris, the heirs and successors in title to the former owners of record for the property, Austin M. Curtis, Jr. and Merrill Curtis who had died some years before this proceeding commenced. Other defendants are Theodore J. Scheve and Geraldine E. Scheve, who purchased the property for delinquent real estate taxes at a tax sale in January 1978. The Scheves were later issued a tax deed when the heir defendants failed to redeem the property within two years as required by District of Columbia Code § 47–1304 (1981).

On August 7, 1985, the Court entered an order determining that $36,000.00 was just compensation and that amount was deposited in the registry of the court.

The remaining issue in this proceeding is concerned with a determination of the distribution of the $36,000 award amongst those qualified to claim, which brings into play the competing claims of the heirs and the Scheves. That issue is governed by the local law, specifically, the District of Columbia statute governing tax sales of real property. D.C.Code §§ 47:1301–1319 (1981 & Supp.1984).

The heirs and the Scheves have fully briefed the matter and have submitted memoranda of points and authorities and it is otherwise ripe for determination. Only recently the District of Columbia Court of Appeals issued an opinion, *Frasssetto v. Barry, et al.*, 497 A.2d 109 (D.C.Ct.App. 1985), which the heir defendants claim fully supports their position that they are the rightful owners. On the other hand, the Scheves argue the contrary and suggest that that opinion is not dispositive nor controlling and further that there are factual differences between the cases. Under the present circumstances, this Court may render an opinion on the relevant statutes and otherwise decide the matter which may very well conflict with the views and interpretations of the statute by the local courts. Such a possibility, of course, should be avoided.

In *United Mine Workers v. Gibb*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court reminded that

[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstan-

tial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726, 86 S.Ct. at 1139. *See also, Financial General Bankshares, Inc. v. Metzger,* 680 F.2d 768 (D.C.Cir.1982). In view of that directive, this Court decides that it is prudent to dismiss this case in order that the defendants may pursue their purely local claims in the local court. No inordinate delay will result and a speedy resolution should be guaranteed. The sole remaining issue has been fully briefed and the parties are not disadvantaged. They need only file in the local court dispositive motions for summary judgment along with their original pleadings.

In accord with the above, it is this 4th day of September, 1985,

### ORDERED

That this proceeding is dismissed without prejudice and the parties in interest may seek appropriate relief in the local courts for the District of Columbia.

That the Court will otherwise retain jurisdiction for purposes of transferring the funds now held in the Registry to the parties so designated by an appropriate order of the local District of Columbia court.